UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA KENNEDY,

    Petitioner,

v.

    Case No. 2:11-CV-13544
    Hon. Sean F. Cox

THOMAS MACKIE,

    Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

Dana Kennedy, ("Petitioner"), a state prisoner, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his Wayne Circuit Court convictions for first degree murder, assault with intent to commit murder, felon in possession of a firearm, and commission of a felony with a firearm. Petitioner has filed a motion to stay the habeas corpus proceeding and hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. Respondent has not opposed the motion. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust his additional claim. If this fails, the petition will be dismissed without prejudice.

### I. Background

Petitioner was convicted after a jury trial in the Wayne Circuit Court. Petitioner's direct appeal was denied by the Michigan Supreme Court on November 29, 2007. *See People v.*

*Kennedy*, 480 Mich. 958 (2007).

On April 11, 2008, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion by order dated March 6, 2009. Petitioner pursed an appeal through the state appellate court which terminated when the Michigan Supreme Court denied his application for leave to appeal on September 27, 2010. *See People v. Kennedy*, 488 Mich. 869 (2010).

On August 13, 2011, Petitioner filed the instant petition for writ of habeas corpus. Currently before the Court is Petitioner's motion to hold the habeas petition in abeyance so that he can return to the state courts and raise claims relating to the testing of forensic evidence at the Detroit Police Department laboratory that were not presented to the state courts during his direct appeal or in his state collateral review proceeding.

## II. Discussion

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

In this case, Petitioner requests a stay because he alleges that he would like to raise claims related to the testing of evidence at the Detroit Police Department laboratory. He claims that he has discovered new evidence suggesting that more than one firearm was used during the crime, a fact he claims undermines the prosecutor's theory of his guilt. He states that he intends

to file a second motion for relief from judgment in the trial court raising his new claims.

The Court grants Petitioner's motion to hold the petition in abeyance while he awaits exhaustion of his claim in the state courts. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final for statute of limitations purposes 90 days after the Michigan Supreme Court denied leave to appeal, on or about February 29, 2008. About one and one-half months later, Petitioner filed his motion for relief from judgment in the trial court, tolling the limitations period under § 2244(d)(2). The state court collateral proceeding ended on September 27, 2010, when the Michigan Supreme Court denied leave to appeal, and the next day the statute of limitations began to run again. The instant petition was then filed on August 13, 2011, about ten and one-half months later. As a result, Petitioner had less than one month remaining on the limitations period when he filed his habeas petition.

A common circumstance calling for abating a habeas petition arises, as here, when a Petitioner wishes to include new unexhausted claims to his habeas petition, but the dismissal without prejudice of the first petition would probably result in the second petition being time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v.*

3

*DiGuglielmo*, 544 U.S. 408, 416 (2005) (*citing Rhines v. Weber,* 544 U.S. 269, 278 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to pursue post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner filing a motion for relief from judgment in the state trial court within thirty days and then returning to federal court within thirty days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance is **GRANTED**. Petitioner may file a motion for relief from judgment with the state court within thirty (30) days of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. The case will then be held in abeyance pending Petitioner's exhaustion of his new claim. Petitioner shall refile a habeas petition within thirty

4

(30) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED.**

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated:  August 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 13, 2012, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager